UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHIRIKANT U. JANOLKAR AND                                   CIVIL ACTION
VAISHALI S. JANOLKAR                                        NO. 12-216-BAJ-CN

VERSUS

WELLS FARGO MORTGAGE, INC.,
MORTGAGE ELECTRONIC REGISTRATION
SERVICES, INC., FEDERAL HOME LOAN
MORTGAGE CORP., AME FUNDING/ASHFORD
MORTGAGE CORP.

## RULING ON MOTION TO DISMISS

This matter is before the Court on a motion to dismiss by Defendants, Wells Fargo Mortgage, Inc., Mortgage Electronic Registration Services, Inc., and Federal Home Loan Mortgage Corp. (Freddie Mac), ("Defendants," collectively), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. *Pro se* Plaintiffs, Shirikant U. Janolkar and Vaishali S. Janolkar, ("Plaintiffs") have filed an opposition, and Defendants have filed a reply brief.

Plaintiffs filed this action claiming they have been the title owners of immovable property at 6098 Majestic Lane, Sorrento, LA 70778, since October 9, 2007, when they entered into a note and mortgage for the subject property with defendant, AME Financial Corporation. (doc. 1, ¶¶ 6,17) Plaintiffs further assert the mortgage was properly recorded in the public records of Ascension Parish,

but seem to admit their mortgage has not been paid or forgiven, and they are currently in default on their mortgage. (doc. 1, ¶¶ 6, 61–62);  (doc. 7, p. 13)

Also, Plaintiffs state that around December 1, 2007, the note and servicing rights for the subject property were transferred from AME Financial Corporation to Wells Fargo Bank. (doc. 1, ¶ 19) Plaintiffs claim that the last known holder of the mortgage is AME Financial Corporation, and on some unknown date, the note was sold, pooled, and transferred to defendant, Freddie Mac. (doc. 1, ¶¶ 20–21) Moreover, Plaintiffs claim that the actual promissory note and the mortgage were not together or allonged when the mortgage was assigned to subsequent entities, and thus, there can be no legal enforcement of the note or foreclosure on the property. (doc. 1, ¶¶ 26–27) Plaintiffs further assert that because of the securitization of the loan, the mortgage should be declared null and void. (doc. 1, ¶¶ 29–31) Furthermore, Plaintiffs claim the  Defendants fail to establish standing and/or legal authority to sue to enforce the note and mortgage through foreclosure, and that such lack of standing would make their mortgage a null instrument which is subject to be stricken from the public record. (doc. 1, ¶¶ 48–49, 57)

Ultimately, Plaintiffs bring a claim to quiet title to the subject immovable property for all the foregoing reasons that purportedly support their claim that the recorded mortgage places a "cloud" on the title to their property. (doc. 1, ¶ 46) In addition, Plaintiffs seek to have the title cancelled and their loan debt discharged. (doc. 1, p. 15)

2

Defendants filed this Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not require the recitation of detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007). To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Defendants contend Plaintiffs' theories in support of their claim to "quiet title" are both remotely plausible and legally untenable. (doc. 6, p. 9) The Court agrees. Generally, "[a]n action to remove a cloud from title or to quiet title may be used by a person claiming ownership of immovable property or of a real right against another who has recorded an instrument which operates as a cloud on his title." *Spencer v. James*, 42,168, p. 9 (La. App. 2 Cir. 5/9/07); 955 So. 2d 1287,1292. "The requirements of the action to quiet title are: 1. Claim of ownership; 2. Existence of clouds; 3. Description of property; and 4. Prayer for cancellation of the clouds." *Spencer v. James*, 42,168, p. 9 (La. App. 2 Cir. 5/9/07); 955 So. 2d 1287,1293; *Harrison v. Alombro*, 341 So. 2d 1165 (La. App. 1st Cir. 1976); *Parker v. Machen*, 567 So.2d 739 (La. App. 2 Cir. 9/26/90). All four requirements must be met. *See, Spencer v. James*, 42,168, p. 9 (La. App. 2 Cir.

3

5/9/07); 955 So. 2d 1287,1293; *Harrison v. Alombro*, 341 So. 2d 1165 (La. App. 1st Cir. 1976); *Parker v. Machen*, 567 So.2d 739 (La. App. 2 Cir. 9/26/90).

Here, Plaintiffs provided sufficient factual allegations showing the first, third, and fourth elements of the "quiet" title action. However, Plaintiffs fail to provide sufficient facts to allege a cloud on their title. Generally, a cloud on title is produced by an invalid instrument or voidable conveyance that is associated with the title, and "[i]t is enough that the invalidity does not appear upon its [(the instruments')] face...." *See Graves v. Ashburn*, 215 U.S. 331, 30 S. Ct. 108,109 (1909). Furthermore, a cloud on title may exist when the title is unmerchantable or suggestive of litigation and "questionable" as to whether there is a clear title. *Parker v. Machen*, 567 So.2d 739, 743 (La. App. 2 Cir. 9/26/90). Plaintiffs' theories of securitization, "split[ting] the note", and lack of standing, are not sufficient factual allegations to support a "cloud on title." Plaintiffs even abandoned their own allegations of securitization and "split[ting] the note in their Opposition, relying only on their theory for lack of standing. This allegation does not establish a plausible claim that Defendants created a cloud on title because Plaintiffs conclusively state Defendants lack standing only because there was an assignment of the mortgage to subsequent entities. This is simply not enough to survive a motion to dismiss under Rule 12(b)(6). Thus, plaintiffs have failed to provide sufficient facts under the *Iqbal* and *Twombly* standards to state a facially plausible claim.

4

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (doc. 12) is hereby **GRANTED**.

Baton Rouge, Louisiana, October <u>31</u>, 2012.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

5